UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PINECREST VILLAGE,**

    **Plaintiff,**

    v.

**CHIETON TURNER,**

    **Defendant.**

Civil Action 2:15-cv-974
Judge Gregory L. Frost
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Pinecrest Village ("Pinecrest"), originally filed this eviction action against Defendant, Chieton Turner ("Turner"), a resident of Pinecrest, in the Franklin County Municipal Court, Ohio, Civil Division. (ECF No. 1-1.) On March 19, 2015, Turner filed a Notice of Removal, accompanied with an application to proceed *in forma pauperis*. (Doc. 1.) Because this Court lacks subject matter jurisdiction, the Court ***SUA SPONTE* REMANDS** this action to the Franklin County Municipal Court, Ohio, Civil Division.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different States, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"[A] federal Court always has jurisdiction to determine its own jurisdiction." *United State v. Ruiz*, 536 U.S. 622 (2002). The issue of "subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (citation omitted). Further, a district court has the power to dismiss or remand a case *sua sponte* for lack of subject matter jurisdiction. *Lexington-Fayett Urban Cty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816–17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint . . . are insufficient to confer subject matter jurisdiction on the court." (citation omitted)); *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) ("Despite [the defendant's] failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction." (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539–41 (6th Cir. 2006)); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

In the instant case, upon review of Pinecrest's Complaint, the Court concludes that remand is required. Pinecrest's state-court Complaint does not contain a federal claim. Rather, the Complaint reflects that Pinecrest seeks to evict Turner for failing to pay rent. The appropriateness of this relief is an issue of state, not federal, law. Thus, there is no federal question jurisdiction. 28 U.S.C. § 1331. Diversity jurisdiction does not exist either as the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332(a). Because this Court lacks original jurisdiction, remand is required. Turner's contention that this Court's jurisdiction arises because a "discrimination factor" exists between himself and the Pinecrest manager, (ECF No. 1.1 at 2), is unavailing because under the well-pleaded complaint rule, "[f]ederal jurisdiction

cannot be predicated on an actual or anticipated defense or rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (internal citations omitted).

Because removal was improper and this Court lacks subject-matter jurisdiction, the Court ***SUA SPONTE* REMANDS** this action to the Franklin County Municipal Court, Ohio, Civil Division.

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
      GREGORY L. FROST
      UNITED STATES DISTRICT JUDGE